19 F.3d 39
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Keith L. BURROWES, William E. Hammett, Frederick W.
Lambrecht, Elmer T. Nitzschke, Vernon J. Rausch,
Sam E. Taylor, and Sally Willett, Petitioners,
v.
DEPARTMENT OF the INTERIOR, and Office of Personnel
Management, Respondents.
 No. 93-3323.
 United States Court of Appeals, Federal Circuit.
 Feb. 7, 1994.
 
 Before PLAGER, LOURIE, and SCHALL, Circuit Judges.
 SCHALL, Circuit Judge.
 
 DECISION
 
 1
 Keith L. Burrowes, William E. Hammett, Frederick W. Lambrecht, Elmer T. Nitzschke, Vernon J. Rausch, Sam E. Taylor, and Sally Willett petition for review of the decision of the Merit Systems Protection Board (Board) in Docket Nos. DC1221920015-B-1, DC1221920016-B-1, DC1221920017-B-1, DC1221920018-B-1, DC1221920019-B-1, DC1221920020-B-1, and DC1221920021-B-1. The November 9, 1992 initial decision of the Administrative Judge (AJ) became the final decision of the Board on March 24, 1993, when the Board denied review of the AJ's decision. In its decision, the Board dismissed petitioners' appeals for lack of jurisdiction. We affirm, not because the Board lacked jurisdiction, but because petitioners failed to state a claim upon which the Board could grant relief. See Spruill v. Merit Sys. Protection Bd., 978 F.2d 679 (Fed.Cir.1992).
 
 BACKGROUND
 
 2
 Petitioners are administrative law judges who serve as Indian probate judges (IPJs) with the Department of the Interior's (DOI) Office of Hearings and Appeals. They were originally appointed under 25 U.S.C. Sec. 372-1 (1967), which stated that "hearing officers appointed for Indian probate work need not be appointed pursuant to the Administrative Procedure Act [APA]." See 25 U.S.C. Sec. 372-1 (1967), repealed by Act of May 24, 1990, Pub.L. No. 101-301, 104 Stat. 206. Unlike judges appointed under the APA, IPJs were subject to performance evaluations. However, DOI did not evaluate the IPJs on their performance until 1983.
 
 
 3
 In 1984, four of the petitioners, Burrowes, Hammett, Taylor, and Willett, filed a grievance with DOI challenging its authority to subject them to performance evaluations. The grievance was later dismissed as moot because Congress had enacted legislation repealing 25 U.S.C. Sec. 372-1 and providing that all judges who had been appointed under 25 U.S.C. Sec. 372-1 "shall be deemed to have been appointed pursuant" to the APA. See Act of May 24, 1990, Pub.L. No. 101-301, Sec. 12, 104 Stat. 206, 211. This legislation exempted the IPJs from performance evaluations and rendered the grievance moot.
 
 
 4
 In accordance with the new legislation, DOI requested the Office of Personnel Management (OPM) to determine the proper classification for the judges. DOI believed that classification at the GS-15 level was appropriate, whereas the judges believed that classification at the GS-16 level was more appropriate. In due course, OPM issued a final decision classifying the judges at the GS-15 level.
 
 
 5
 On June 20, 1991, petitioners filed a complaint with the Office of Special Counsel (OSC) pursuant to 5 U.S.C. Sec. 1214 (Supp. IV 1992). The OSC is responsible for investigating allegations of prohibited personnel practices within the government. Petitioners alleged that they had been subjected to adverse personnel actions in reprisal for making disclosures protected by the Whistleblower Protection Act of 1989 (WPA), Pub.L. No. 101-12, 103 Stat. 16 (codified in scattered sections of 5 U.S.C.). In July 1991, the OSC notified them by letter that it would not seek corrective action on the matters raised in their complaint.
 
 
 6
 Thereafter, on September 27, 1991, petitioners filed Individual Right of Action (IRA) appeals with the Board pursuant to 5 U.S.C. Sec. 1221(a) (Supp. IV 1992), alleging that they had been subjected to adverse personnel actions in reprisal for making various disclosures protected by the WPA, including the 1984 grievance and a later petition to Congress. The AJ raised the issue of the Board's jurisdiction to hear their appeals and ordered petitioners to "describe the [whistleblowing] activity, to whom the disclosure was made, and when the activity occurred." On October 17, 1991, the AJ granted the government's motion to stay discovery pending resolution of the jurisdictional issue after finding "no evidence that [the stay] will prejudice [petitioners'] case."
 
 
 7
 The AJ issued an initial decision on December 9, 1991, dismissing petitioners' appeals for lack of jurisdiction. The AJ found that petitioners' grievance was not a disclosure protected by the WPA and that their petition to Congress and other disclosures did not constitute whistleblowing as defined by 5 U.S.C. Sec. 2302(b)(8) (Supp. IV 1992). In the AJ's view, the petition and the various disclosures did not allege a violation of law, rule, or regulation, or gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. On review, the Board stated that the AJ had correctly determined that petitioners' petition to Congress did not constitute a disclosure protected by the WPA. However, the Board remanded the case for further findings because the AJ did not sufficiently discuss his reasons for concluding that the other disclosures alleged did not constitute whistleblowing.
 
 
 8
 On August 21, 1992, petitioners filed a motion to lift the stay of discovery. Petitioners also moved (i) for the disclosure of alleged ex parte communications on the part of Board Chairman Daniel R. Levinson and (ii) for the disqualification of the Board's Chief Administrative Law Judge, Edward J. Reidy. Petitioners alleged that Chairman Levinson, who had recused himself, had engaged in conversations regarding the case with a friend of a DOI official and that Judge Reidy would possibly seek to improperly influence the proceeding because of his position as Chief Judge. On September 10, 1992, the AJ denied all three motions.
 
 
 9
 In October 1992, petitioners filed another motion to lift the stay of discovery and a motion to disqualify the DOI's Solicitor's Office from representing the DOI. They alleged that one of the DOI attorneys had engaged in improper tactics before the filing of petitioners' appeals. On November 9, 1992, the AJ dismissed both motions as untimely. Regarding the discovery motion, the AJ found that petitioners "had ample opportunity prior to and during their petition for review to explain why discovery was necessary to establish jurisdiction." Regarding the motion to disqualify, the AJ held that the motion was untimely and that petitioners had failed to show good cause for the late filing. See 5 C.F.R. Sec. 1201.31(b) (1993) (motion to disqualify opposing counsel must be filed with judge within 15 days after the date of service of the notice of designation).
 
 
 10
 Also on November 9, 1992, the AJ issued his second initial decision dismissing petitioners' appeals for lack of jurisdiction. The AJ addressed each of petitioners' alleged protected disclosures and determined that they did not constitute whistleblowing as defined by 5 U.S.C. Sec. 2302(b)(8) (Supp. IV 1992). In addition, the AJ found that petitioners had not been subjected to any personnel actions as defined by 5 U.S.C. Sec. 2302(a)(2) (1988). Finally, the AJ held that petitioners had failed to allege any facts which would establish that the protected disclosures were a contributing factor to the alleged prohibited personnel actions. The AJ's decision became the final decision of the Board when petitioners' petition for review was denied on March 24, 1993.
 
 DISCUSSION
 
 11
 The standard of review of a Board decision in an IRA appeal is defined by statute. Clark v. Department of Army, 997 F.2d 1466, 1474 (Fed.Cir.1993). We must affirm the decision unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988).
 
 
 12
 * Petitioners argue that the Board erred by dismissing their appeals for lack of jurisdiction without conducting a hearing in which they could explain and develop their whistleblowing allegations. However, although stated in terms of jurisdiction, the Board correctly recognized that the issue was whether petitioners alleged facts which brought them within the statutory basis under which they sought relief. In this case, the Board was not required to hold a hearing because it could decide this issue based upon the written allegations in petitioners' appeals. Cf. Sannier v. Merit Sys. Protection Bd., 931 F.2d 856, 859 (Fed.Cir.1991) (Board not required to hold hearing on jurisdictional issue).
 
 II
 
 13
 Section 2302(b)(8) describes certain activities which are known as "whistleblowing," and prohibits adverse personnel actions against federal government employees in reprisal for such activities. More specifically, Sec. 2302(b)(8) provides that any employee with authority shall not:
 
 
 14
 take or fail to take ... a personnel action with respect to any employee or applicant for employment because of--
 
 
 15
 (A) any disclosure of information by an employee or applicant which the employee or applicant reasonably believes evidences--
 
 
 16
 (i) a violation of any law, rule, or regulation, or
 
 
 17
 (ii) gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety....
 
 
 18
 5 U.S.C. Sec. 2302(b)(8) (Supp. IV 1992). If an employee believes that an adverse personnel action has been taken, Congress has provided an appeal to the Board, in the form of an IRA. See 5 U.S.C. Sec. 1221 (Supp. IV 1992). Section 1221(a) provides that "an employee ... may, with respect to any personnel action taken, or proposed to be taken, against such employee ... as a result of a prohibited personnel practice described in section 2302(b)(8), seek corrective action from the Merit Systems Protection Board." Id.
 
 
 19
 Petitioners allege that they were subjected to the following personnel actions: (1) the decision to classify them at the GS-15 level; (2) the threat by a DOI official to fire them if they prevailed in their grievance; and (3) harassment because the DOI scheduled the 1990 Indian probate conference at an inconvenient time for the judges. Petitioners contend that the decision to classify them at GS-15 falls within 5 U.S.C. Sec. 2302(a)(2)(A)(ix), which covers "a decision concerning pay." The problem with this contention is that Congress did not include classification decisions among the list of "personnel actions" that can support an IRA appeal. See 5 U.S.C. Sec. 2302(a)(2)(A) (1988). Moreover, "[t]he Board has not been granted appellate jurisdiction over cases concerning the proper classification of a position." McEnery v. Merit Sys. Protection Bd., 963 F.2d 1512, 1514 n. 1 (Fed.Cir.1992). As for the scheduling of the Indian probate conference at an inconvenient time, this action also did not constitute a personnel action as defined by 5 U.S.C. Sec. 2302(a)(2)(A) (1988).
 
 
 20
 The threat by a DOI official to fire petitioners is, however, a personnel action. See 5 U.S.C. Sec. 2302(a)(2)(A)(iii) (1988). Nevertheless, because the alleged threat was linked to petitioners' grievance, it cannot support an IRA appeal. IRA appeals may only be based upon protected disclosures identified in Sec. 2302(b)(8). See 5 U.S.C. Sec. 1221(a) (Supp. IV 1992). Grievances are specifically identified in 5 U.S.C. Sec. 2302(b)(9) (Supp. IV 1992). This Court has held that personnel actions taken in reprisal for activities listed in 5 U.S.C. Sec. 2302(b)(9), such as grievances, are not protected by the WPA and cannot support an IRA appeal. Spruill, 978 F.2d at 689-92.
 
 
 21
 Petitioners also allege that they made the following protected disclosures: (1) the 1984 grievance; (2) the 1990 petition to Congress; (3) other contacts with Congress which resulted in Pub.L. No. 101-301. (4) certain letters written by their counsel to the DOI; and (5) a letter written by Judge Willett to the DOI's Inspector General. As seen above, petitioners' contention that the 1984 grievance was a protected disclosure under the WPA is without merit. See id. The 1990 petition to Congress also was not a disclosure protected by the WPA. The petition mainly asked Congress "to establish an Office of Administrative Judges separate from the Office of Hearings and Appeals." Although the petition sought to "insulate [this office] from political intrigue," it did not allege violations of law, rule, or regulation, or allege gross mismanagement. With respect to other contacts with Congress, both before the Board and this court, petitioners have failed to describe the information they disclosed to Congress. Because the WPA specifies the kinds of disclosures that are protected, a party making a claim under the statute must identify the information disclosed so that it can be determined whether the disclosure was protected. Petitioners have failed to do that.
 
 
 22
 Petitioners also allege that they engaged in protected disclosures through their counsel. The letters written by their counsel to the DOI repeated allegations contained in the 1984 grievance and posed general questions to DOI officials regarding the management of the Office of Hearings and Appeals. They did not refer to, or allege, any of the kinds of actions referenced in 5 U.S.C. Sec. 2302(b)(8)(A).
 
 
 23
 Finally, Judge Willett wrote a letter to DOI's Inspector General in support of Judge Burrowes against the allegation that he had violated the law by using federal stationery for personal business. Judge Willett noted in her letter that the person who had made the allegation against Judge Burrowes was the same person who had threatened to fire the judges if they won their grievance. Her letter did not disclose any of the kinds of actions referenced in 5 U.S.C. Sec. 2302(b)(8)(A) on the part of DOI officials. In sum, petitioners did not satisfy the requirements for bringing an IRA appeal, because they failed to allege adverse personnel actions or disclosures protected by the WPA.
 
 
 24
 Petitioners further assert that the Board abused its discretion by staying discovery and by denying their motions relating to Chairman Levinson, Chief Administrative Judge Reidy, and the DOI attorney. "Procedural matters relative to discovery and evidentiary issues fall within the sound discretion of the board and its officials." See Curtin v. Office of Personnel Management, 846 F.2d 1373, 1378 (Fed.Cir.1988) (citations omitted). "This court will not overturn the board on such matters unless an abuse of discretion is clear and is harmful." Id. In this case, discovery was stayed pending resolution of the issue of whether petitioners had stated a good claim for relief, because proceeding with discovery could result in "wasted effort and unnecessary expense." Petitioners had ample opportunity to explain why discovery was required and should not be stayed. Since they failed to timely set forth any reasons why discovery was necessary, we cannot say that the Board abused its discretion by staying discovery.
 
 
 25
 As for the motions alleging improper conduct, "[i]t is well established that there is a presumption that public officers perform their duties correctly, fairly, in good faith, and in accordance with law and governing regulations, and the burden is on the plaintiff to prove otherwise." Parsons v. United States, 670 F.2d 164, 166 (Ct.Cl.1982) (citing United States v. Chemical Found., Inc., 272 U.S. 1, 14-15 (1926)). See also Torncello v. United States, 681 F.2d 756, 770 (Ct.Cl.1982) (it requires "well-nigh irrefragable proof" to overcome the presumption). Since petitioners failed to set forth "well-nigh irrefragable proof" to support their allegations of improper conduct, we cannot say that the Board abused its discretion in denying their motions.
 
 
 26
 For the foregoing reasons, we affirm the decision of the Board dismissing petitioners' appeals.