**TAKASHIMA U.S.A., INC., Plaintiff,**

v.

**UNITED STATES, Defendant.**

**Slip Op. No. 95–87.
Court No. 93–01–00052.**

United States Court of
International Trade.

May 9, 1995.

Politis, Pollack & Doram, Los Angeles, CA (Elon A. Pollack and John N. Politis), for plaintiff.

Frank W. Hunger, Asst. Atty. Gen. of the U.S., Joseph I. Liebman, Attorney-in-Charge, Intern. Trade Field Office, Commercial Litigation Branch, Civil Div., U.S. Dept. of Justice, (John J. Mahon), Washington, DC, for defendant.

OPINION

CARMAN, Judge:

Plaintiff, Takashima U.S.A., Inc., challenges the classification and liquidation of its imported merchandise, plastic sheeting in continuous lengths, consisting of woven polyethylene fabric, laminated on both surfaces with non-transparent polyethylene plastic. Defendant moves to dismiss this action for lack of jurisdiction because, defendant argues, plaintiff commenced this action more than 180 days after the United States Customs Service (Customs) mailed the notices of denial of protests. The United States Court of International Trade (CIT or Court) has jurisdiction over this matter pursuant to 28 U.S.C. § 1581(a) (1988).[1]

1. Whether the Court has jurisdiction is the threshold issue here; however, it is firmly established that the Court has the power to determine its subject matter jurisdiction. See 13A Charles

A. Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure* § 3536 at 535 (2nd ed. 1984 & Supp.1995) ("If the jurisdiction of a federal court is questioned, the court has the

## BACKGROUND

Plaintiff imported the eight entries at issue here between December 14, 1983, and November 6, 1984. The entries were liquidated on various dates in 1984 and plaintiff's protests followed in 1985. For purposes of simplicity, the following chart lists the eight entries, the protest numbers, and the pertinent dates not in dispute:

| Date of Entry | Entry Number | Protest Number | Date of Liquidation | Date Protest Filed |
|---|---|---|---|---|
| 10–19–84 | 85–123523 | 2704–5–000907 | 11–30–84 | 02–25–85 |
| 12–14–83 | 84–477733 | 2704–5–001445 | 02–03–84 | 03–28–85 |
| 12–14–83 | 84–477734 | 2704–5–001446 | 02–03–84 | 03–28–85 |
| 11–06–84 | 84–478090 | 2704–5–001447 | 03–09–84 | 03–28–85 |
| 02–05–84 | 84–478471 | 2704–5–001448 | 03–16–84 | 03–28–85 |
| 03–07–84 | 84–479060 | 2704–5–001456 | 04–27–84 | 03–28–85 |
| 06–05–84 | 84–498693 | 2704–5–001457 | 07–27–84 | 03–28–85 |
| 05–10–84 | 84–498287 | 2704–5–001458 | 08–03–84 | 03–28–85 |

The record is not clear when Customs claims it denied the protests in question, as defendant's papers reflect two different dates for some of the protests:

| | DATE PROTEST DENIED | |
|---|---|---|
| Protest Number | as per Def.'s Mot. to Dismiss | as per Def.'s Reply Br. |
| 2704–5–000907 | 08–07–87 | 08–07–87 |
| 2704–5–001445 | 01–25–88 | 12–05–88 |
| 2704–5–001446 | 01–25–88 | 12–05–88 |
| 2704–5–001447 | 01–25–88 | 12–05–88 |
| 2704–5–001448 | 01–25–88 | 12–05–88 |
| 2704–5–001456 | 01–24–88 | 12–05–88 |
| 2704–5–001457 | 01–25–88 | 12–05–88 |
| 2704–5–001458 | 03–28–86 | 03–28–86 |

## CONTENTIONS OF THE PARTIES

Plaintiff maintains it never received the notices of denial of protests that Customs claims to have sent. In June 1992, plaintiff contends, its records reflected that the protests at issue here were still pending. After contacting Customs concerning the pending protests, plaintiff wrote Customs requesting accelerated disposition of the protests. Plaintiff argues Customs failed to allow or deny the protests within thirty days of plaintiff's request and thus, the protests were deemed denied on December 24, 1992. (Pl.'s Opp'n to Def.'s Mot. to Dismiss (Pl.'s Br.) at

power and the duty, subject to review, to determine the jurisdictional issue.") (footnote citing cases omitted).

1–2.) *See* 19 C.F.R. § 174.22(d) (1992). Plaintiff filed a summons commencing this action on January 22, 1993.

To support its claim that it did not receive the notices of denial, plaintiff submitted several affidavits which purport to describe the practice of handling incoming mail at Mandel & Grunfeld (M & G)[2] and the maintenance of the law firm's ledger where denied protests were recorded. A former M & G partner stated that after dissolution of M & G, "GDL & S designated two attorneys ... to open all mail received by the firms, and to direct the same to the appropriate recipient in the

2. The protests at issue here were filed by M & G, which dissolved on January 14, 1985, at which time several M & G attorneys became associated with Grunfeld, Desiderio, Lebowitz & Silverman (GDL & S).

firms." (Florsheim Aff. ¶ 5.) "In the case of all protests (M & G and GDL & S), both denied and approved, it was (and still is) the established practice to deliver the same to Kenneth Rich, GDL & S's Customs Specialist." (*Id.*) One of the attorneys responsible for opening the mail affirmed that denied protests were delivered to Mr. Rich who forwarded them to the paralegal assistant for entry in the appropriate summons log book. (Klestadt Aff. ¶¶ 2, 4.) Plaintiff produced the affidavit of a clerical assistant employed by GDL & S from November 1985 to October 1987, who stated that after receiving denied protests from Mr. Rich or his assistant, she entered information in the appropriate log book. (Watson Aff. ¶¶ 1, 3.) Plaintiff conducted a search of the appropriate M & G logs in New York and Los Angeles and failed to uncover any notation M & G had received the notices of denial. (Pl.'s Br. at 2, 6–7.)

Plaintiff argues the non-receipt of the notices of denied protests raises a presumption that the notices were not mailed by Customs. (*Id.* at 4 (citation omitted).) Because the "evidence demonstrates that plaintiff did not receive any notices of denial," (*id.* at 7), plaintiff concludes, "the burden now shifts to the government to establish by clear and convincing evidence the fact of proper mailing," (*id.* at 9).

Defendant alleges the protests in this case were denied during the period March 28, 1986, through January 25, 1988, or December 5, 1988.[3] (Def.'s Mot. to Dismiss at 1.) Because this action commenced considerably after the 180–day period provided by statute, defendant argues, "the summons was untimely filed, and this court lacks jurisdiction over the action." (*Id.*)

Defendant underscores the well-established presumption of regularity enjoyed by government officials in the performance of their lawful duties. (Def.'s Reply Br. at 2 (citations omitted).) Coupled with this presumption, defendant argues, is the evidentiary presumption that "proof of mailing of a notice pursuant to standard office procedures creates a presumption that the notice was

received." (*Id.* at 3 (citations omitted).) Therefore, defendant reasons, the notices of denial of the protests at issue here are presumed to have been issued and duly mailed and delivered to M & G in the regular course of mail delivery.

In response to plaintiff's arguments of non-receipt, defendant challenges "plaintiff's reliance upon the accuracy of the office practices of Mandel & Grunfeld [as] misplaced and not dispositive of the issue of non-receipt." (*Id.* at 4–5.) Defendant also contests the accuracy of plaintiff's log books by pointing out several errors and omissions regarding the disposition of several protests listed in the sample pages of the log books produced during discovery. (*Id.* at 8–10.) Taken together, defendant contends "plaintiff's evidence of proof of non-receipt of the notices of denial of the eight protests in issue here is insufficient and fails to shift the burden of proving mailing to the Government." (*Id.* at 13.)

## DISCUSSION

### A. *Subject Matter Jurisdiction*

A civil action challenging the denial of a protest is barred unless commenced within the time provided by statute. The applicable statute provides:

**§ 2636. Time for commencement of action**

(a) A civil action contesting the denial, in whole or in part, of a protest under section 515 of the Tariff Act of 1930 is barred unless commenced in accordance with the rules of the Court of International Trade—

(1) within one hundred and eighty days after the date of mailing of notice of denial of a protest under section 515(a) of such Act. . . .

28 U.S.C. § 2636(a)(1) (1988). The statute provides a hard and fast deadline that, if not met, leaves the Court without jurisdiction to hear the case. *See Neptune Microfloc, Inc. v. United States,* 8 CIT 353, 355, 1984 WL

---

**3.** The discrepancy in defendant's papers regarding some of the dates the protests were allegedly

denied is summarized *supra* p. 859.

6081 (1984) ("The 180–day filing rule is an inflexible jurisdictional requirement.").

The Court construes defendant's pending motion as a U.S. CIT R. 12(b)(1) motion to dismiss for lack of jurisdiction over the subject matter. The Court of Appeals for the Federal Circuit has laid out a concise analysis to follow in deciding Rule 12(b)(1) motions:

If a Rule 12(b)(1) motion simply challenges the court's subject matter jurisdiction based on the sufficiency of the pleading's allegations—that is, the movant presents a "facial" attack on the pleading—then those allegations are taken as true and construed in a light most favorable to the complainant....

If the Rule 12(b)(1) motion denies or controverts the pleader's allegations of jurisdiction, however, the movant is deemed to be challenging the factual basis for the court's subject matter jurisdiction. In such a case, the allegations in the complaint are not controlling, and only uncontroverted factual allegations are accepted as true for purposes of the motion. All other facts underlying the controverted jurisdictional allegations are in dispute and are subject to fact-finding by the district court. In establishing the predicate jurisdictional facts, a court is not restricted to the face of the pleadings, but may review evidence extrinsic to the pleadings, including affidavits and deposition testimony.

*Cedars–Sinai Medical Ctr. v. Watkins,* 11 F.3d 1573, 1583–84 (Fed.Cir.1993) (footnote and citations omitted), *cert. denied,* —— U.S. ——, 114 S.Ct. 2738, 129 L.Ed.2d 859 (1994). Defendant has not filed an answer to the complaint and its pending motion does not appear to attack the sufficiency of the allegations in plaintiff's pleadings. Instead, defendant asserts plaintiff's action is barred as untimely. In effect, defendant challenges the factual basis of plaintiff's allegations of jurisdiction—that is, plaintiff's assertion that this action is timely and is properly before the Court.

The burden of establishing jurisdiction lies with the party seeking to invoke the court's jurisdiction, in this case, the plaintiff. *Old Republic Ins. Co. v. United States,* 14 CIT 377, 379, 741 F.Supp. 1570, 1573 (1990) (citing *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936); *Reynolds v. Army and Air Force Exchange Serv.,* 846 F.2d 746, 748 (Fed.Cir.1988)). The Court must be satisfied plaintiff has met its burden by setting forth sufficient evidence establishing the Court's subject matter jurisdiction. If, after a review of the pleadings and extrinsic evidence, any conceivable doubt remains whether this Court has jurisdiction to hear this action, the Court will refrain from granting defendant's motion to dismiss. As the Court of Appeals aptly stated, a "complaint should not be dismissed unless it is beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." *Hamlet v. United States,* 873 F.2d 1414, 1416 (Fed.Cir.1989) (discussing motion to dismiss for lack of subject matter jurisdiction and motion to dismiss for failure to state a cause of action and citing *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957)).

## B. *Plaintiff's Evidence Asserting Subject Matter Jurisdiction*

Plaintiff maintains that after filing a letter with Customs requesting accelerated disposition of the protests pursuant to 19 C.F.R. § 174.22, the protests were deemed denied thirty days thereafter. (Pl.'s Br. at 2.) To prevail in its argument plaintiff must surmount the presumption that Customs duly mailed the notices of denial of protests thereby triggering the start of the 180–day limitation period. *See* 28 U.S.C. § 2636(a)(1).

A presumption of regularity attaches to the actions and conduct of government officials in the performance of their lawfully executed duties. *See Alaska Airlines, Inc. v. Johnson,* 8 F.3d 791, 795 (Fed.Cir.1993) (" '[T]here is a presumption that public officers perform their duties correctly, fairly, in good faith, and in accordance with the law and governing regulations....' ") (quoting *Parsons v. United States,* 229 Ct.Cl. 335, 339, 670 F.2d 164, 166 (1982) (citing *United States v. Chemical Found., Inc.,* 272 U.S. 1, 14–15, 47 S.Ct. 1, 6, 71 L.Ed. 131 (1926) (other citations omitted))). Coupled with the teachings of these cases is the statutory presump-

tion that decisions by Customs are presumed correct. *See* 28 U.S.C. § 2639(a)(1) (1988) ("[I]n any civil action commenced in the [CIT] under section 515 ... of the Tariff Act of 1930, the decision of the ... administering authority ... is presumed to be correct. The burden of proving otherwise shall rest upon the party challenging such decision."). Thus, the burden is on the plaintiff in this action to show evidence rebutting the presumption that Customs mailed the notices of denial of protests. *See Enron Oil Trading and Transp. Co. v. United States*, 15 CIT 511, 512, 1991 WL 200141 (1991) ("When notice must be given by [Customs], the burden of going forward with evidence initially falls upon the plaintiff due to the presumption of regularity...") (citing *Intra–Mar Shipping Corp. v. United States*, 66 Cust.Ct. 3, 6, C.D. 4160 (1971)), *vacated on other grounds*, 11 Fed.Cir. (T) ——, 988 F.2d 130 (1993). Plaintiff has chosen to put forth evidence of non-receipt of the notices to meet its burden. If plaintiff meets this burden, the onus shifts to Customs to proffer evidence of mailing. *See id.* ("When the plaintiff has met the initial requirement of negating the presumed delivery by evidence of non-receipt, non-issuance or non-delivery of the notice, the burden falls upon the government to establish that notice was given.") (citing *Intra–Mar*, 66 Cust.Ct. at 6).

■ The record before the Court is inconclusive as to whether plaintiff has put forth sufficient evidence showing non-receipt of the notices. For example, there are conflicting offerings of proof concerning who was responsible for handling the incoming mail at M & G[4] and how Customs was notified when the law firm moved and changed its address.[5] Additionally, there appears to be some variance in plaintiff's evidence regarding who was responsible for making entries in the logs after notices of denial were received.[6]

The Court is mindful of its obligation to determine whether subject matter jurisdiction exists. *See Dou Yee Enterprises (S) PTE, Ltd. v. Advantek, Inc.*, 149 F.R.D. 185, 187 (D.Minn.1993) ("Once the evidence is submitted, the court may 'not simply rule that there is or is not enough evidence to have a trial on the issue.' The court must decide whether it has jurisdiction.") (quoting *Osborn v. United States*, 918 F.2d 724, 730 (8th Cir.1990) (further citation omitted)). That decision, however, need not be made when the evidence presented upon which jurisdiction may be founded is inconclusive. *See Johnson v. United States*, 147 F.R.D. 91, 94 (E.D.Pa.1993) (stating "the court may postpone a decision on the jurisdictional issue in order to allow for the presentation of evidence on that matter ... if that which has been offered is inconclusive"). Furthermore, the factual issues surrounding the question of jurisdiction here are so intertwined with the merits of this action that it would be inappropriate to decide this matter on a motion to dismiss. *See Osborn*, 918 F.2d at 730 (declaring "when the jurisdictional issue is 'so

4. The supervisor in charge of the Customhouse staff at M & G declared he opened all incoming mail addressed to M & G as part of a three-person team from mid-January 1985 to February 1986, and then as a member of a two-person team from mid–1986 to November 1986. (Ronay Dep. at 39, 41; *see also* Pl.'s Br. at 4, 6–7.) In contrast, a resident partner in the New York office stated after dissolution of M & G in mid-January 1985, "GDL & S designated two attorneys ... to open all mail received by the firms, and to direct the same to the appropriate recipient in the firms." (Florsheim Aff. ¶ 5.)

5. One M & G partner in New York stated that after December 1, 1986, Customs was informed M & G had moved from the World Trade Center to 12 East 49th Street and subsequently, the firm received its mail, including mail from Customs, at this new address. (Silverman Dep. at 103–04.) At the M & G office in Los Angeles, howev-

er, a resident partner sent a letter to Customs dated December 12, 1986, requesting Customs "send all notices of approval, denial, refunds, increases, etc.," directly to the resident partner in Los Angeles. (Letter from Elon A. Pollack to Patricia McKane, Customs Protest Supervisor, of 12/12/86, *reprinted in* Pl.'s Br.)

6. On one hand, the Customshouse staff supervisor stated after receiving a protest denial in the mail, he or another clerk would process the denial by logging it in the ledger, attaching it to the office copy, and giving a copy to, Mr. Florsheim, an M & G partner, for further action. (Ronay Dep. at 40–41.) On the other hand, Mr. Florsheim affirmed that the established practice for all protests was to deliver them to the GDL & S Customs Specialist, (Florsheim Aff. ¶ 5), who forwarded the denied protests to the paralegal assistant for entry in the appropriate summons log book, (Klestadt Aff. ¶ 4).

bound up with the merits that a full trial on the merits may be necessary to resolve the issue'" the court may refrain from determining jurisdiction until trial) (quoting *Crawford v. United States*, 796 F.2d 924, 929 (7th Cir.1986)).

CONCLUSION

The Court holds the evidence bearing on whether this Court has subject matter jurisdiction is inconclusive and therefore a determination of the Court's jurisdiction is better left for trial. The Court further holds the factual issues impacting on the question of jurisdiction are so intertwined with the merits of this action that granting a motion to dismiss would be inappropriate at this time. Defendant's motion to dismiss for lack of subject matter jurisdiction is denied. Defendant shall answer the complaint within 30 days after which time this matter will be set for trial.

ORDER

This case having been duly submitted for decision and this Court, after due deliberation, having rendered a decision herein; now, in conformity with said decision it is hereby

**ORDERED** that defendant's motion to dismiss this action for lack of jurisdiction is denied; and it is hereby

**ORDERED** defendant shall answer the complaint within 30 days of the date hereof. This matter will then be set down for immediate trial.