NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3342

BYRON CRAIG STROTHERS,

Petitioner,

v.

UNITED STATES POSTAL SERVICE,

Respondent.

_____

DECIDED:  February 13, 2006

_____

Before BRYSON, LINN, and PROST, <u>Circuit Judges</u>.

PER CURIAM.

Byron Craig Strothers ("Strothers") seeks review of the final decision of the Merit Systems Protection Board ("Board") that dismissed his appeal for lack of jurisdiction. <u>See</u> <u>Strothers v. United States Postal Serv.</u>, No. PH-0752-04-0495-I-1 (M.S.P.B. July 18, 2005) (Final Order).  We <u>affirm</u>.

## I. BACKGROUND

On June 13, 2003, the United States Postal Service ("Agency") removed Strothers from his position as Mail Processing Clerk, for failure to meet attendance requirements. On October 28, 2003, the parties entered into a last chance settlement agreement in which the government agreed to hold Strothers' removal in abeyance in exchange for, inter alia, Strothers' promise of regular attendance, adherence to proper leave procedures, and waiver of appeal rights related to the substance of the removal action. By letter dated July 27, 2004, the Agency informed Strothers that he had not complied with the agreement and that the Agency was reinstating its removal action against him effective on receipt of the letter.

Strothers appealed to the Board. Strothers did not claim to have complied with the agreement, but instead attempted to overcome the waiver provision by claiming that the Agency acted in bad faith and that he lacked the mental capacity to understand the agreement at the time that he entered into it. On August 2, 2004, the administrative judge ("AJ") issued an order requiring Strothers "to file evidence and argument to prove that this action is within the Board's jurisdiction . . . within 15 calendar days." The order stated that "[n]o evidence or argument on the jurisdictional issue filed after the close of the record will be accepted unless you show that it is new and material evidence that was unavailable before the record closed."

On August 13, 2004, Strothers filed a statement alleging that the Agency acted in bad faith when it added terms to the agreement which were different from the ones provided to him in writing and from those read to him by his supervisor. Specifically, Strothers claimed that one page was missing from the copy of the agreement that he

had received from the Board.  Strothers also claimed that he could not fully understand the terms of the agreement when he entered into it because he suffers from severe depression and post-traumatic stress disorder.  No other evidence was submitted and no more specific facts were alleged.  Nor did Strothers inform the AJ that he planned to seek medical records from the Department of Veterans Affairs.

On November 15, 2004, the AJ concluded that Strothers' allegations were frivolous and, without holding a hearing, dismissed the appeal for lack of jurisdiction. See Strothers v. United States Postal Serv., No. PH-0752-04-0495-I-1 (M.S.P.B. Nov. 15, 2004) (Initial Decision).  The AJ explained that Strothers did not dispute that he breached the agreement.  As to the allegation of Agency bad faith for changing terms in the agreement, the AJ noted that Strothers submitted no proof in support of this allegation and thus found the claim to be nothing but a bald allegation.  As to Strothers' mental incapacity claim, the AJ noted that Strothers again offered no documentary evidence in support of his claim; that in a letter attached to his appeal, Strothers stated that he agreed to the agreement and honestly believed he could comply with it; and that the agreement itself specified that Strothers had reviewed the agreement, carefully read and understood its provisions, and voluntarily, knowingly, and willingly intended to be legally bound by it.  As a result, the AJ found that the allegation of mental incapacity was frivolous.

On December 21, 2004, Strothers petitioned the full Board for review of the Initial Decision.  With the petition, Strothers submitted twenty-one pages of medical records to support his claim.  Strothers averred that it had taken four months to obtain the records, but submitted no affirmative evidence to show that the records were not available earlier

or that he was diligent in attempting to obtain the records. On July 18, 2005, the Board denied the petition, citing the failure to meet the requirements of 5 C.F.R. § 1201.115. The AJ's decision thus became the Board's final decision. Strothers filed a timely appeal of the Final Order to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## II. DISCUSSION

### A. Standard of Review

This court must affirm the Board's Final Order unless it is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); Chase-Baker v. Dep't of Justice, 198 F.3d 843, 845 (Fed. Cir. 1999). Whether the Board has jurisdiction over an appeal is a question of law, which we review de novo. Hayes v. United States Postal Serv., 390 F.3d 1373, 1376 (Fed. Cir. 2004). We review the Board's exclusion of evidence, which was submitted after a deadline, for abuse of discretion. Schucker v. Fed. Deposit Ins. Corp., 401 F.3d 1347, 1353 (Fed. Cir. 2005).

### B. Analysis

On appeal, Strothers makes three arguments to overcome the waiver and to support jurisdiction. First, Strothers argues that he made a non-frivolous allegation that the Agency acted in bad faith in the execution of the agreement. Second, Strothers asserts that he made a non-frivolous allegation that he lacked the mental capacity to understand the nature of the agreement at the time he entered into it. Third, Strothers argues that the Board abused its discretion in not considering the medical records that

he submitted on December 21, 2004, because he was not able to obtain the records before then.

To overcome the waiver provision in the agreement, Strothers must show that he complied with the agreement, that the Agency breached the agreement, or that he did not knowingly and voluntarily enter into the agreement. See Link v. Dep't of Treasury, 51 F.3d 1577, 1582 (Fed. Cir. 1995). To be entitled to a jurisdictional hearing in this context, Strothers must make out non-frivolous allegations of fact that, if proven, would overcome the waiver provision. Briscoe v. Dep't of Veterans Affairs, 55 F.3d 1571, 1573 (Fed. Cir. 1995). "Although an appellant need not prove her entire case before she is entitled to a hearing, the board may request sufficient evidence to determine if, in the first instance, there is any support for what otherwise might be bald allegations." Id. In this case, the AJ's August 2, 2004, order constituted such a request.

As to the allegation of bad faith, Strothers, both in his initial pleading and in response to the AJ's request for evidence, provided the AJ with nothing but bare assertions that the Agency changed the terms of the agreement. Strothers did not proffer specific facts or evidence that would demonstrate in what respects the copies of the agreement differed, or how the alleged difference prejudiced him. Because "'there is a presumption that public officers perform their duties correctly, fairly, in good faith, and in accordance with the law and governing regulations,'" Haley v. Dep't the Treasury, 977 F.2d 553, 558 (Fed. Cir. 1992) (quoting Parsons v. United States, 670 F.2d 164, 166 (Ct. Cl. 1982)), and because Strothers has produced no evidence to suggest otherwise, we affirm the Board's determination that the allegation of bad faith was frivolous.

As to the allegation of mental incapacity, Strothers likewise made only bare assertions. Despite the AJ's request for evidence, Strothers proffered nothing to the AJ to support his contention of mental incapacity. Thus, the AJ correctly denied Strothers a hearing. See Briscoe, 55 F.3d at 1573-74 (holding that no hearing was required where mental illness was claimed but not sufficiently supported following request of the Board).

Finally, we reject Strothers' argument that the Board abused its discretion in not overturning the AJ's Initial Decision based on the medical records proffered with his request for Board review. Strothers submitted these medical records on December 21, 2004, after the Initial Decision of the AJ issued and long after the deadline set by the AJ for submission of evidence. Under the Board's regulations, "[n]ew and material evidence" may be asserted in support of Board review if "despite due diligence, [such evidence] was not available when the record closed." 5 C.F.R. § 1201.115(d)(1) (2005). The Board has long held that "[f]ailure of a party to present evidence prior to the close of the record will preclude it from doing so by way of a petition for review . . . absent a showing that with due diligence the evidence was previously unavailable." Szczerbiak v. United States Postal Serv., 2 M.S.P.R. 561, 563 (1980). We have affirmed that the employee bears the burden under the regulation to make a showing of due diligence and prior unavailability of any proffered "new and material evidence." See Azarkhish v. Office of Pers. Mgmt., 915 F.2d 675, 678-79 (Fed. Cir. 1990).

In his petition for Board review, Strothers asserted

I have enclosed from the Department of Veterans Affairs, after a 4 month wait all my medical records from my treating doctors. Everything I submitted now is new evidence that needs to be considered for fairness of this appeal.

05-3342                                6

Even if Strothers was correct in arguing that the documents met the "new and material evidence" part of the regulation, it was incumbent on Strothers to demonstrate to the full Board that "despite due diligence" the medical records were "not available when the record closed." See Azarkhish, 915 F.2d at 678-79. The records were dated in 2003 and early 2004 and Strothers has made no showing of when they were requested or why he did not request them in time to provide them to the AJ before the record closed on August 17, 2004. Although Strothers asserted before the Board (and asserts before this court) that it took four months to obtain the records, Strothers provided no support for any assertions of diligence and prior unavailability, e.g., he did not submit a copy of a timely request for records, or a confirmation of the request from the Department of Veterans Affairs. Because the Board, on this record, could find that Strothers had not carried his burden of showing due diligence and prior unavailability, we cannot conclude that the Board abused its discretion in denying the petition for review. See id.

For the foregoing reasons, the decision of the Board to dismiss Strothers' appeal for lack of jurisdiction is affirmed.