**Orland R. MARSH, Appellant,**

v.

**Togo D. WEST, Jr., Secretary of Veterans Affairs, Appellee.**

No. 98–634.

United States Court of Veterans Appeals.

Oct. 5, 1998.

Michael R. Dowling, Ashland, KY, was on the pleadings for appellant.

John H. Thompson, Acting General Counsel; Ron Garvin, Assistant General Counsel; Thomas A. McLaughlin, Special Assistant to the Assistant General Counsel; and Rosalind Eager, Washington, DC, were on the pleadings for appellee.

Before NEBEKER, Chief Judge, and STEINBERG, and GREENE, Judges.

STEINBERG, Judge:

The appellant, veteran Orland R. Marsh, appeals through counsel a September 16, 1997, Board of Veterans' Appeals (Board or BVA) decision concluding that he had not submitted a timely Notice of Disagreement (NOD) as to a Department of Veterans Affairs (VA) regional office (RO) decision denying his claims for service connection for post-traumatic stress disorder and a back condition. On June 3, 1998, the Secretary filed a motion for single-judge affirmance, and on June 22, 1998, the appellant filed a response. This appeal is timely. For the reasons that follow, the Court will deny the Secretary's motion and vacate the Board decision and remand the matter.

## I. Background

Exhibits accompanying the Secretary's motion indicate the following: On April 7, 1994, the VARO notified the veteran that it had denied his claims. On April 19, 1995, the RO received an NOD dated April 3, 1995. In August 1995, the RO sent to the appellant a Statement of the Case (SOC), which did not note any jurisdictional deficiency, and the appellant filed a substantive appeal with the Board. The Board raised the matter of the timeliness of the NOD for the first time in its decision and dismissed the veteran's appeal due to an untimely NOD. The Board, noting that the postmark on the envelope containing the veteran's NOD was not of record, stated that there was no proof that the NOD had actually been mailed on the April 3, 1995, date on it, and concluded that the NOD bore a date-stamp showing that it had been received at the RO on April 19, 1995. A subsequent motion for BVA reconsideration was denied, and the appellant timely appealed to the Court.

## II. Analysis

### A. Court's Jurisdiction

This Court's appellate jurisdiction derives exclusively from the statutory grant of authority provided by Congress and may not be extended beyond that permitted by law. *See Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 818, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988); *see also Prenzler v. Derwinski*, 928 F.2d 392, 393–94 (Fed.Cir. 1991); *Skinner v. Derwinski*, 1 Vet.App. 2, 3 (1990). In general, the Court has jurisdiction to review a final BVA decision only where an NOD was filed under 38 U.S.C. § 7105 on or after November 18, 1988, as to the underlying RO decision. *See* Veterans' Judicial Review Act, Pub.L. No. 100–687 § 402, 102 Stat. 4105, 4122 (1988) (found at 38 U.S.C. § 7251 note) [hereinafter VJRA § 402]; *Hamilton v. Brown*, 4 Vet.App. 528, 531–32 (1993) (en banc), *aff'd*, 39 F.3d 1574, 1583–85 (Fed.Cir.1994). *But see* Pub.L. No. 105–111, § 1(c)(2), 111 Stat. 2271, 2272 (1997) (permitting appeal to this Court of Board decision on clear and unmistakable error in prior Board decision, which is an original claim to the Board, without jurisdiction-conferring NOD). It is equally clear that the Court has jurisdiction to assess its own jurisdiction. *See Smith (Irma) v. Brown*, 10 Vet. App. 330, 332 (1997) ("Court always has jurisdiction to determine its jurisdiction over a case"); *see also Barnett v. Brown*, 83 F.3d 1380, 1383 (Fed.Cir.1996) ("it is well-established judicial doctrine that any statutory tribunal must ensure that it has jurisdiction over each case *before* adjudicating the merits"); *Phillips v. Brown*, 10 Vet.App. 25, 30 (1997). We thus proceed to consider the question of this Court's jurisdiction to review the BVA's decision on the timeliness of the NOD.

In order for there to be an NOD that complies with VJRA § 402 and thus give this Court jurisdiction over an appeal, there must be a document that meets the definition of an NOD in law and regulation, *see* 38 C.F.R. § 20.201 (1997); *Hamilton,* 4 Vet.App. at 535–36, and that is filed within one year after the date of mailing of notice of the RO's determination. *See* 38 U.S.C. § 7105(b)(1). This is not a case where it is undisputed that the veteran timely filed an NOD on a substantive issue and in which the Board sua sponte raised a jurisdictional matter other than one pertaining to whether there was a valid NOD; in such a case, the NOD on the substantive issue would appear to encompass also any question of jurisdiction because a claim that an administrative agency or Court possesses jurisdiction is always already implicit in any substantive claim. *Cf. Collaro v. West,* 136 F.3d 1304, 1309 (Fed.Cir.1998) (finding "vague" NOD on merits included NOD as to constitutionality of VA circular). Rather, here it is the validity (timeliness) of the NOD itself that is at issue.

This Court has been wary of action or inaction by the BVA that would have had the effect of depriving this Court of jurisdiction to review a BVA decision over which the Court would have had jurisdiction but for the BVA's action or inaction. *See Cox v. West,* 149 F.3d 1360, 1365 (Fed.Cir.1998) (rejecting Secretary's contention that attorney appellant's application for attorney fees presented nonjusticiable issue and concluding that decision by Secretary regarding law that "affects the provision of benefits" is "mandatory" under 38 U.S.C. § 511(a), including issuance of SOC and decision by Board on appeal thereafter); *Villeza v. Brown,* 9 Vet.App. 353, 356 (1996) (rejecting Board's treatment of appeal as one from "long-dormant ... claim" with pre-VJRA NOD and finding jurisdiction-conferring NOD); *Smith (George) v. Brown,* 8 Vet.App. 546, 551–52 (1996) (jurisdiction-conferring NOD "gave the appellant a right to a future Court decision on that claim once a final, adverse Board decision was issued ... [and] appellant cannot be deprived of his or her right to appeal to this Court"). The current situation is analogous. Just as it would be absurd to conclude that an *un*timely NOD deprived the Board of jurisdiction to assess its jurisdiction, so it would be absurd to conclude that this Court could be deprived of jurisdiction to review the BVA's decision on jurisdiction by the very action of the BVA's having ruled against its own jurisdiction. *See Cox, Smith (George),* and *Villeza,* all *supra.* Accordingly, the Court holds that we have jurisdiction to review the Board's decision on its jurisdiction, and we now proceed to that question.

### B. Board Decision on its Jurisdiction

Under VA regulations, absent evidence of a postmark, it is presumed that any written document required to be "filed within a specified period of time", which includes an NOD, was mailed 5 days prior to the actual receipt of the document by the RO, excluding Saturdays, Sundays, and legal holidays. *See* 38 C.F.R. § 20.305(a), (b) (1997). Hence, for the NOD received by VA on April 19, 1995, in this case, the NOD postmark date is presumed to be April 12, 1995. Thus, it appears that the veteran's NOD was not filed within one year after the date on which notice of the RO decision was mailed, and, accordingly, that the NOD was not timely filed. *See* 38 U.S.C. § 7105(b)(1) (NOD "postmarked before the expiration of the one-year period will be accepted as timely filed"). The Board is correct that an untimely NOD deprives it of jurisdiction to consider the merits of an appeal. *See* 38 U.S.C. § 7105(c); *Garlejo v. Brown,* 10 Vet.App. 229, 232 (1997); *Rowell v. Principi,* 4 Vet.App. 9, 14–15 (1993); see also *Barnett* and *Smith (Irma),* both *supra.*

However, the appellant is also correct in noting that the RO did not dispute the validity of the NOD and that this jurisdictional issue was raised sua sponte by the Board. A determination of the timeliness of an NOD is an appealable issue, as to which a claimant is entitled to file an NOD and as to which he or she must then receive an SOC. *See* 38 C.F.R. § 20.101(c) (1997) ("[a]ll claimants have the right to appeal a determination made by the agency of original jurisdiction that the Board does not have jurisdictional authority to review a particular issue"); 38 C.F.R. § 19.34 (1997) ("[w]hether a[n NOD] ... has been filed on time is an appealable

issue"); see also 38 U.S.C. §§ 7104(a) ("[a]ll *questions* in a matter ... subject to a decision by the Secretary shall be subject to one review on appeal to the ... Board") (emphasis added), 7105(b)(1).

█ Certain procedural rights govern a person's pursuit of VA benefits. He or she has the right to file a claim and to receive a decision on that claim; to identify for appeal an issue or issues that he or she believes were wrongly decided and to express disagreement; to receive an SOC, perfect the appeal, and submit argument on behalf of a position; and to receive a hearing. *See* 38 U.S.C. § 7105(a), (d); 38 C.F.R. §§ 3.103, 19.29, 20.201, 20.202, 20.700 (1997); *Austin v. Brown*, 6 Vet.App. 547, 551–52 (1994); *Thurber v. Brown*, 5 Vet.App. 119, 122–23 (1993); *Hamilton v. Brown*, 4 Vet.App. at 544; *Bernard v. Brown*, 4 Vet.App. 384, 390–91 (1993).

> In *Bernard*, the Court held:
> [W]hen, as here, the Board addresses in its decision a question that had not been addressed by the RO, it must consider whether the claimant has been given adequate notice of the need to submit evidence or argument on that question and an opportunity to submit such evidence and argument and to address that question at a hearing, and, if not, whether the claimant has been prejudiced thereby.

*Bernard*, 4 Vet.App. at 394. The Board's error in *Bernard* was **procedural** ; it had failed to provide the claimant with the procedural rights that govern the VA decisionmaking process. In *Sutton v. Brown*, the Court concluded that *Bernard* required the Board either "to ask the veteran if he objected to Board adjudication in the first instance" of a particular question or to include in its statement of reasons or bases under 38 U.S.C. § 7104(d)(1) an explanation as to why there was no prejudice. *Sutton v. Brown*, 9 Vet. App. 553, 564–70 (1996); *see also* 38 C.F.R. § 19.29, (b), (c) (SOC "must be complete enough to allow the appellant to present written and/or oral argument before the Board" and must contain, inter alia, a "summary of the applicable laws and regulations, with appropriate citations, and a discussion of how such laws and regulations affect the determination ... on each issue").

In the instant case, the Board had the jurisdiction—indeed, the obligation—to assess its jurisdiction. *See Barnett* and *Smith (Irma)*, both *supra*. However, in the course of making that assessment, the Board violated *Bernard* and *Sutton* by failing to address whether its sua sponte consideration of the question of the timeliness of the veteran's NOD—without first according the veteran an opportunity to submit evidence or argument on that question—was prejudicial. The Board's obligation to assess its own jurisdiction cannot come at the expense of the procedural rights that belong to an applicant for VA benefits who has had no opportunity to present evidence or argument on that jurisdictional issue. *See Sutton* and *Bernard*, both *supra*. At the very least, the Board was obliged to ask the veteran whether he objected to the Board's adjudication of the NOD jurisdictional issue in the first instance and to include in the statement of reasons or bases for its decision an explanation as to why such adjudication in the first instance was not prejudicial to him. *Ibid*. As to whether the procedural error here might be nonprejudicial because the appellant has proffered no theory on which the NOD might be found timely, *see* 38 U.S.C. § 7261(b) ("Court shall take due account of the rule of prejudicial error"), we are not prepared to rule out the possibility that the appellant might have been—and, indeed, on remand might be—able to convince the RO or BVA that his NOD was timely. *See Daniels v. Brown*, 9 Vet.App. 348, 353 (1996) (violation of *Thurber* and *Austin*, both *supra*, prejudicial where "it is possible that the appellant would have sought and obtained additional [evidence] ... to. rebut the Board's evidence"); *see also* 38 C.F.R. § 3.109(b) (1997) (permitting request for extension of time for "challenge [to] an adverse [VA] decision" for "good cause shown").

Accordingly, we hold that the BVA's decision on the question of the timeliness of the veteran's NOD was procedurally deficient and that the Court thus lacks a sufficient basis for review of the validity of that jurisdictional decision—that is, to determine whether the NOD was untimely. *See* 38 U.S.C. § 7104(d)(1); *Sutton, supra; Gilbert v. Derwinski*, 1 Vet.App. 49, 57 (1990) (inade-

quate statement of reasons or bases by Board prevented effective judicial review). The Court will thus vacate the decision and remand to the Board so that fair process can be afforded the veteran in the Board's decision on the question of its jurisdiction.

### III. Conclusion

Upon consideration of the foregoing analysis and the pleadings of the parties, the Court vacates the September 16, 1997, BVA decision and remands the matter for expeditious development and readjudication, on the basis of all applicable law and regulation, and issuance of a readjudicated decision supported by an adequate statement of reasons or bases, *see* 38 U.S.C. §§ 5107, 7104(a), (d)(1), 7105; 38 C.F.R. §§ 3.103, 19.29, 19.34, 20.101, 20.201, 20.202, 20.700; *Sutton* and *Bernard,* both *supra; Fletcher v. Derwinski,* 1 Vet.App. 394, 397 (1991)—all consistent with this opinion and in accordance with section 302 of the Veterans' Benefits Improvements Act, Pub.L. No. 103–446, § 302, 108 Stat. 4645, 4658 (1994) (found at 38 U.S.C. § 5101 note) (requiring Secretary to provide for "expeditious treatment" for claims remanded by BVA or the Court). *See Allday v. Brown,* 7 Vet.App. 517, 533–34 (1995). The Court denies the Secretary's motion for single-judge affirmance. "On remand, the appellant will be free to submit additional evidence and argument" on the remanded matter. *Quarles v. Derwinski,* 3 Vet.App. 129, 141 (1992). The Court notes that a remand by this Court or by the Board confers on an appellant the right to VA compliance with the terms of the remand order and imposes on the Secretary a concomitant duty to ensure compliance with those terms. *See Stegall v. West,* 11 Vet.App. 268, 271 (1998). A final decision by the Board following the remand herein ordered will constitute a new decision that, if adverse, may be appealed to this Court only upon the filing of a new Notice of Appeal with the Court not later than 120 days after the date on which notice of the new Board final decision is mailed to the appellant.

VACATED AND REMANDED.