# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 03-1731

PATRICIA D. SIMMONS, APPELLANT,

v.

ERIC K. SHINSEKI,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Remand from the U.S. Court of Appeals for the Federal Circuit

(Argued July 27, 2010                                        Decided September 28, 2010)

*Sean A. Ravin*, and *Kathy A. Lieberman* were on the brief, both of Washington, D.C., for the appellant.

*Yvette R. White,* with whom *Edward V. Cassidy*, *Jr.*, Deputy Assistant General Counsel; *R. Randall Campbell*, Assistant General Counsel; and *Will A. Gunn*, General Counsel, were on the brief, all of Washington, D.C., for the appellee.

Before KASOLD, *Chief Judge*, and MOORMAN, and DAVIS, *Judges*.

DAVIS, *Judge*: U.S. Navy veteran Patricia D. Simmons appeals through counsel from a June 3, 2003, Board of Veterans' Appeals (Board) decision that denied an increased rating for a left ear hearing disability and also denied service connection for a right ear hearing loss claimed as secondary to the service-connected left ear hearing loss. This appeal is timely, and the Court has jurisdiction to review the Board's decision pursuant to 38 U.S.C. §§ 7252(a) and 7266(a). The Court assigned this case to panel in order to assess the effect that the U.S. Supreme Court's recent decision in *Shinseki v. Sanders*, 129 S. Ct. 1696 (2009), might have on the disposition of the case. Specifically, the Secretary challenges the continuing validity of this Court's holding that Type I VCAA notice errors are presumptively prejudicial and therefore the Secretary has the burden of proving that the error was not prejudicial. *See Mayfield v. Nicholson*, 19 Vet.App. 103 (2005). In view of the facts of this case and the admissions made at oral argument, however, the Court concludes that it need not reach this issue and remands the matter for further proceedings.

# I. BACKGROUND

## A. Factual

Appellant Patricia Simmons served on active duty from December 1978 to April 1980. Three months into her tour of duty, Mrs. Simmons underwent a routine VA medical examination and was diagnosed as having hearing impairment. While on duty, she worked in "yellow gear" (otherwise referred to as flight deck support gear or aircraft handling equipment), which constantly required her to be in a noisy environment. On her discharge from naval service, Mrs. Simmons's hearing had become increasingly impaired as a consequence of such work. In April 1980, she filed with a VA regional office (RO) an application for VA disability benefits for hearing loss in her left ear. In November 1980, the RO concluded that Mrs. Simmons's in-service work environment aggravated her left ear hearing loss. Under the applicable rating schedule, however, it concluded that her claim did not warrant compensable service connection. Despite the numerous audiological examinations and medical evidence collected in support of her left ear hearing loss disability since November 1980, the Board concluded in the June 2003 decision here on appeal, that there was no medical evidence in the record warranting an increased rating for that condition.

In March 1998, Mrs. Simmons requested that the RO "amend her service[-]connection claim to include [her] right ear hearing loss," on the grounds that "since the decrease of [her] hearing in [her] left ear has gotten worse it is causing [her] right ear to have to work harder and has caused a hearing loss in the right ear." R. at 124. In August 1998, the RO denied Mrs. Simmons's right ear hearing loss claim because it "neither occurred in nor was caused by service." R. at 153. Mrs. Simmons appealed the denial, and the Board in February 2001 remanded the matter for the RO to determine whether her right ear hearing loss claim qualified for secondary service connection. The Board's remand instructions further instructed the RO to (1) comply with VA's duty-to-assist and duty-to notify requirements under the Veterans Claims Assistance Act of 2000 (VCAA), Pub. L. No. 106-475, § 3(a), 114 Stat. 2096, (codified in part at 38 U.S.C. § 5103(a)), and (2) obtain a VA medical examiner's opinion "as to whether it is at least as likely as not that hearing loss in the right ear is caused by her service[-] connected left ear hearing loss and whether it is least as likely as not

2

that her service[-]connected left ear hearing loss results in an increase in severity of her right ear hearing loss." R. at 189.

In the June 2003 Board decision appealed here, the Board denied service connection for right ear hearing loss, claimed as secondary to the service-connected left ear hearing loss.

## B. Procedural

On December 1, 2005, this Court issued a single-judge decision that set aside the Board's June 2003 decision and remanded for further development both the claim for an increased rating for the left ear hearing loss and the claim for service connection for the right ear hearing loss. *See Simmons v. Nicholson*, 20 Vet.App. 386, (2005) (mem. dec.) (table), 2005 WL 3312625 (Vet. App. Dec. 1, 2005). Citing *Mayfield, supra*, the Court held that, as to the claim for an increased rating for the service-connected left ear hearing loss, the VCAA notice letter failed to advise the appellant what evidence must be submitted to substantiate a claim for a rating increase. Instead, it merely set forth the evidence necessary to prove the basic three elements of a service-connection claim. The Court further held that the Type I notice error had "the natural effect of producing prejudice," and concluded that the notice error was prejudicial in the absence of any showing to the contrary by the Secretary. *Simmons*, 2005 WL 3312625, at *7. The Court remanded this issue for compliance with the VCAA notice requirements. As to the claim for service-connection for right ear hearing loss, the single-judge decision determined that the RO failed to properly notify the appellant of a scheduled VA medical examination for her right ear. Essentially, because of an apparent typographical error in which the numbers in the appellant's address were transposed, the notice letters were sent to the wrong address.

The Court further held that the presumption of administrative regularity was rebutted as to the mailing of a notice of failure to report for a VA examination for the appellant's right ear. The Court remanded this issue for a statement of reasons or bases supporting a conclusion that the appellant actually received the letter or, in the alternative, a new examination. The Secretary appealed to the U.S. Court of Appeals for the Federal Circuit (Federal Circuit).

Subsequently, the Federal Circuit held that all types of VCAA notice errors–not just Type I errors–were to be presumed prejudicial and that the Secretary had the burden of proving that any notice error was nonprejudicial. *See Sanders v. Nicholson*, 487 F.3d 881 (Fed. Cir. 2007). On the

basis of its decision in *Sanders v. Nicholson*, the Federal Circuit affirmed this Court's decision in Mrs. Simmons's case. *See Simmons v. Nicholson*, 487 F.3d 892 (Fed. Cir. 2007). The Secretary thereafter filed certiorari petitions that were granted by the U.S. Supreme Court in both the *Sanders* case and the instant case.

The Federal Circuit's *Sanders* decision, in turn, was reversed by the U. S. Supreme Court (Supreme Court). *See Shinseki v. Sanders*, *supra* (consolidated with *Shinseki v. Simmons*). Noting that there was contradictory evidence as to the prejudicial effect of the Type I VCAA notice error found by this Court in Mrs. Simmons's case, the Supreme Court vacated the Federal Circuit's judgment and remanded the case for this Court to decide whether reconsideration was necessary. 129 S. Ct. at 1708. On August 20, 2009, the Federal Circuit, in accordance with the Supreme Court's directive, remanded the case to this Court. *Simmons v. Shinseki*, 365 F. App'x 221 (Fed. Cir. 2009) (per curiam order).

On remand from the Federal Circuit, this Court issued a single-judge decision on November 13, 2009, concluding that its December 2005 decision was properly rendered. Shortly thereafter the Secretary filed a motion for reconsideration or, in the alternative, for a panel decision. In April 2010, this case was submitted to a panel, the parties were directed to file supplemental briefs, and the Court heard oral argument on July 27, 2010.

## II. CONTENTIONS OF THE PARTIES

### A. The Secretary

At oral argument, the Secretary contended that the Supreme Court remanded the entire case and that therefore both the claim for service connection for right ear hearing loss and the claim for an increased rating for the left ear hearing loss are now properly before this Court. The Secretary conceded, however, that if the Court concludes that the right ear issue is not before the Court because of the previous December 2005 Court remand of that matter, then the Court should now remand the claim for an increased rating for the left ear because it is inextricably intertwined with the remanded right ear service-connection claim.

The Secretary principally argues that the original single-judge decision, in conducting its prejudice analysis with respect to the VCAA notice error, assigned to the Secretary the burden of

refuting a presumption of prejudice, which has since been invalidated by the Supreme Court. He quotes the Supreme Court's observation that "'the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination.'" Secretaray's Supplemental Brief (Supp. Br.) at 2 (quoting *Sanders*, 129 S. Ct. at 1706). He further asserts that "the informal and non-adversarial process for developing and adjudicating claims for veterans benefits provides many procedural safeguards and stages at which any defect in the initial [VCAA] notice may be cured." Secretary's Supp. Br. at 6. The Secretary concludes that against this backdrop of regulatory procedures, the notion that any Type I VCAA notice error has "the natural effect" of producing prejudice is "unsupportable." *Id.* at 10.

The Secretary goes on to apply this conceptual framework to the facts of this case, arguing that the postdecisional documents supplied notice of what evidence was required. He further argues that the appellant's postdecisional submissions establish actual knowledge of what evidence was required. *See* Secretary's Supp. Br. at 12-13.

In his motion for reconsideration or panel rehearing–although not in his supplemental brief–the Secretary raised an issue with respect to the appellant's claim for service connection for the right ear hearing loss, specifically concerning the appellant's lack of receipt of a letter notifying her of her failure to report for a VA examination for her right ear. Principally, he argues that the appellant raised this argument for the first time in her original reply brief, generating "an unfair practice" in the Secretary's view. The Secretary further argues that the Court failed to apply the rule of prejudicial error to the Agency's mailing of notice letters to the wrong address.

### B. The Appellant

The appellant refutes the Secretary's position with respect to the right ear hearing claim and contends that the issue is not before the Court on the Supreme Court's remand. She asserts that, following the Court's single-judge 2005 decision, the issue is nowhere raised in the Secretary's appellate briefs, to include both the briefs filed with the Federal Circuit and with the Supreme Court. As to the disposition of this claim, the appellant stands on the reasoning of this Court's the original 2005 single-judge decision with respect to the right ear claim.

As to the claim for an increased rating for the left ear hearing loss, the appellant contends that the Supreme Court in no way abrogated this Court's previous holding with respect to Type I VCAA

5

notice errors. She cites the Supreme Court's statement that "[i]t is the Veterans Court, not the Federal Circuit, that sees sufficient case-specific raw material in veterans' cases to enable it to make empirically based, nonbinding generalizations about 'natural effects.'" *Shinseki v. Sanders*, 129 S. Ct. at 1707. She further cites *Mayfield, supra,* for the proposition that a Type I VCAA notice error has the natural effect of prejudice because it "vitiates the intended purpose of section 5103 (a) notice and fundamentally detracts from the essential fairness of the adjudication." Appellant's Supp. Br. at 6.

Although she argues that prejudice should be presumed in this Type I VCAA notice error, the appellant nevertheless submits a declaration in which she attempts to show prejudice. She asserts that had she received VCAA-compliant notice she would have submitted a medical examination report from her private doctor. *Id.* at 9. At oral argument, the appellant's counsel expanded on this assertion, stating that the private medical opinion would have been tailored to the specific regulatory criteria for hearing disability.

### III. ANALYSIS

#### A. Right Ear Disability Issue

The Secretary contends that the claim for service connection for the right ear disability is before the Court as a consequence of the Supreme Court's remand. The Secretary further argues that this issue was not properly raised before this Court in Mrs. Simmons's original appellate brief and he proffers an unfair-practice argument, apparently seeking affirmance of the Board's denial of that claim on the basis of no evidence in the record linking such a disability with service.

The record does not support the Secretary's argument. In her original appellate brief, Mrs. Simmons clearly set forth service connection for right ear hearing loss as an appellate issue. Further, she set forth the factual predicate of address changes that led to the mailing misadventure. While it is true that not until her reply brief did she set forth the facts of the misdirection of letters notifying her to report to a VA examination of the right ear, or of the alleged failure to report for that examination, she set forth those facts in the reply brief in response to an argument raised by the Secretary that this failure to report provided a plausible basis for the Board's decision on the right ear. There was nothing procedurally improper about the briefing sequence. Thus, the claim for

service connection for the right ear disability was raised as an issue before the Court. Thereafter, this Court's original 2005 single-judge decision remanded for further development the claim for service connection for right ear disability and, as discussed below, the Secretary did not appeal to the Federal Circuit the 2005 Court decision as to that claim, and that claim is not currently before this Court as part of the Federal Circuit remand.

The Court has reviewed the content of all the Secretary's briefing, both at the Federal Circuit and at the Supreme Court.[1] This review discovered no instance in which the Secretary advanced any argument in either court concerning this Court's remand of the claim for service connection for the right ear hearing loss.

In fact, in its briefing to the Federal Circuit, the Secretary explicitly stated that he was not appealing that portion of the Court's 2005 single-judge decision that remanded the right ear service connection claim. *See* Corrected Br. and Appendix for Respondent-Appellant at 5 n.2, *Simmons v. Nicholson*, No. 06-7092 (Fed. Cir. July 21, 2006). Furthermore, in his reply brief filed at the Federal Circuit, the Secretary extensively argued that the remand on the right ear issue should not prevent the Federal Circuit from examining the prejudicial error issue pertaining to the left ear disability. *See* Corrected Reply Br. for Respondent-Appellant at 3, *Simmons v. Nicholson*, No. 06-7092 (Fed. Cir. Nov. 3, 2006) ("The portions of the Veterans Court's order that we do not challenge pertaining to [remand of the right ear disability] are wholly distinct from whether the claimant was prejudiced by VA's error in providing notice under section 5103(a)."), 5 ("[the Federal Circuit's decision upon our appeal would not obviate the need for remand pursuant to unchallenged portions of the Veterans Court's order").

The Secretary's only discussion of the right ear disability claim before the Supreme Court consisted of a single footnote in his initial brief: "The Veterans Court also held that the VA had failed to inform Simmons of a scheduled VA medical examination of her right ear. Pet. App. 76a: It remanded that claim to the Board with instructions to 'ensure that a new VA medical examination

---

[1]*See* Corrected Br. and Appendix for Respondent-Appellant, *Simmons v. Nicholson*, No. 06-7092 (Fed. Cir. July 21, 2006); Corrected Reply Br. for Respondent-Appellant, *Simmons v. Nicholson*, No. 06-7092 (Fed. Cir. Nov. 3, 2006); Respondent-Appellant's Petition for Rehearing En Banc, *Simmons v. Nicholson*, 2007 WL 2891730 (Fed. Cir. Sept. 6, 2007); Petition for a Writ of Certiorari, *Peake v. Sanders*, 2008 WL 782560 (S. Ct. Mar. 21, 2008); Br. for Petitioner, *Peake v. Sanders*, 2008 WL 3895908 (S. Ct. Aug. 21, 2008).

7

is provided.' *Ibid***.**"  Br. for Petitioner, *Peake v. Sanders*, 2008 WL 3895908, at *8 n.3.  The Secretary presented no argument on this issue, however, and asked for no relief from this Court's holding in the single-judge decision.  Rather, the Secretary's argument was entirely directed to the issues of the presumption of prejudice and the attendant assignment of burdens, both of which pertained only to the claim for an increased rating for the left ear disability.

Consequently, there is no basis for any contention that this Court's original disposition of the right ear disability claim in 2005 was appealed to either the Federal Circuit or the Supreme Court. *See Carbino v. West*, 168 F.3d 32, 34 (Fed. Cir. 1999) ("[C]ourts have consistently concluded that the failure of an appellant to include an issue or argument in the opening brief will be deemed a waiver of the issue or argument.").  We therefore conclude that the right ear disability claim is not before us in this appeal on remand from the Federal Circuit.

However, even assuming that the vacatur actions of the Federal Circuit and the Supreme Court somehow resurrected the right ear disability issue–despite the absence of any argument on that issue before those Courts–it would not change the outcome of this appeal.  We agree with the single-judge analysis on this issue, and conclude that a remand of the claim for service connection for the right ear disability is in order for the reasons stated by the single judge in the 2005 decision.

### B.  Left Ear Disability Issue

In view of the remand of the right ear disability claim, we need not reach the argument as to the continuing viability of the doctrine of Type I VCAA notice errors as enunciated in *Mayfield, supra*.  The Secretary concedes, and the Court agrees, that the claims for service connection for the right ear disability and the claim for an increased rating for the service-connected left ear disability are inextricably intertwined. *See Tyrues v. Shinseki*, 23 Vet.App. 166, 177 (2009) (en banc) (noting that claims are inextricably intertwined where a referred or remanded claim could have a significant impact on a denied claim that is being appealed) (overruling *Harris v. Derwinski*, 1 Vet.App. 180, 183 (1991), "to the extent  it stands for the proposition that this Court has no jurisdiction over a Board decision that denied a claim if that claim is 'inextricably intertwined' with another claim that the Board remanded," and holding that this Court has jurisdiction to review the claim denied by the Board).  Should the appellant receive service connection for her right ear disability as a result of the

8

Court's remand of that claim, her disability rating would be a single composite rating based on the hearing deficiencies in both ears. *See* 38 C.F.R. § 4.85 (2010).

Therefore, we need not decide whether our *Mayfield* decision remains good law in the aftermath of the Supreme Court's decision in *Shinseki v. Sanders, supra*. Further, we need not decide whether or how the rule enunciated in *Mayfield*, which was a service-connection case, applies in the context of a claim for increased rating. The Court appreciates the efforts of the parties, in briefing and at oral argument, to illuminate these issues. As the case has developed, however, these questions are not necessary to the disposition of this appeal; the answers to these questions will therefore have to await another day.

For the reasons set forth herein, the Court will set aside the Board's June 3, 2003, decision and remand for readjudication. On remand, the appellant will be free to submit additional evidence and argument in support of her claims and the Board is required to consider any such evidence and argument. *See Kay v. Principi*, 16 Vet.App. 529, 534 (2002). The appellant should be well aware, after seven years of litigation on this case, what evidence is required to substantiate her claim; no additional VCAA notice is required. A final Board decision following the remand herein ordered will constitute a new decision that, if adverse, may be appealed to this Court upon the filing of a new Notice of Appeal with the Court not later than 120 days after the date on which notice of the Board's new final decision is mailed to the appellant. *Marsh v. West*, 11 Vet.App. 468, 472 (1998). The Board and the RO must provide expeditious treatment of this matter on remand. *See* 38 U.S.C. §§ 5109B, 7112.

## IV. CONCLUSION

Based on consideration of the foregoing, the Court SETS ASIDE the Board's June 3, 2003, decision and REMANDS the matter for further proceedings consistent with this opinion.