Citation Nr: 1602934 
Decision Date: 01/29/16 Archive Date: 02/05/16

DOCKET NO. 08-35 760 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Houston, Texas


THE ISSUES

1. Entitlement to service connection for a left knee disability, to include degenerative joint disease (DJD).

2. Entitlement to a total disability rating based on individual unemployability due to service-connected disabilities (TDIU).


REPRESENTATION

Veteran represented by: Texas Veterans Commission


ATTORNEY FOR THE BOARD

Jane R. Lee, Associate Counsel



INTRODUCTION

The Veteran served on active duty from April 1972 to February 1976.

This appeal is before the Board of Veterans' Appeals (Board) from a February 2008 rating decision of a Department of Veterans Affairs (VA) Regional Office (RO) in San Diego, California, which, in part, denied service connection for DJD of the left knee as the evidence submitted was not new and material. The case was then transferred to the RO in Houston, Texas.

In July 2014, the Board found that the issue of TDIU was reasonably raised by the record. The Board also, in part, granted the appeal to reopen the claim of entitlement to service connection for a left knee disability, finding that new and material evidence had been received. However, the Board remanded for further development the issues of TDIU and service connection of the left knee disability.

VA examinations for the Veteran's left knee disability were scheduled for October 2014 and April 2015, to which the Veteran failed to report. Additionally, regarding the TDIU claim, the Veteran was sent notice in accordance with 38 C.F.R. § 3.159 (2015). As such, the Agency of Original Jurisdiction (AOJ) substantially complied with the Board's July 2014 remand instructions. See D'Aries v. Peake, 22 Vet. App. 97, 105 (2008); Stegall v. West, 11 Vet. App. 268, 271 (1998).


FINDINGS OF FACT

1. The Veteran, without good cause, failed to report for scheduled VA examinations that were necessary to evaluate his reopened service connection claim for a left knee disability, to include DJD.

2. The Veteran did not provide a VA Form 21-8940, Veterans Application for Increased Compensation Based on Unemployability, or equivalent.


CONCLUSIONS OF LAW

1. The criteria for service connection for a left knee disability, to include DJD, have not been met. 38 U.S.C.A. §§ 1110, 5103, 5103A, 5107 (West 2014); 38 C.F.R. §§ 3.102, 3.159, 3.655 (2015).

2. The criteria for TDIU have not been met. 38 U.S.C.A. §§ 1155, 5107 (West 2014); 38 C.F.R. §§ 3.321(b)(1), 3.340, 3.341, 4.3, 4.15, 4.16, 4.18, 4.19 (2015).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

I. Service Connection - Left Knee Disability

The Veteran is seeking service connection for his left knee disability. As noted above, in July 2014, the Board reopened his claim based on new and material evidence submitted, and remanded for a VA examination and opinion to address the causation or etiology of the Veteran's current left knee disability.

A VA examination was scheduled for the Veteran in October 2014, to which the Veteran failed to report. The RO noted that the address in the claims file differed from the address Houston VA Medical Center had on file. As a result, VA attempted to contact the Veteran by telephone on March 3, 2015, and left a message on his home telephone. However, the Veteran did not return the call. The RO scheduled another VA examination for April 2015, providing the address in the claims file, to which the Veteran failed to report again. There is no evidence of any statement from the Veteran providing good cause as to why he failed to report.

Where, as here, entitlement or continued entitlement to a benefit cannot be established or confirmed without a current VA examination or reexamination and a veteran, without good cause, fails to report for such examination, or reexamination, in conjunction with a reopened claim for a benefit which was previously disallowed, the claim shall be denied. 38 C.F.R. § 3.655(a), (b). Examples of good cause include, but are not limited to, the illness or hospitalization of the claimant, death of an immediate family member, etc. 38 C.F.R. § 3.655(a).

As the issue on appeal was a reopened claim for a benefit which was previously disallowed, the appropriate disposition in this case is a denial of the claim.

The Board cannot apply 38 C.F.R. § 3.655 if the record reflects that the Veteran had not been provided with notice of the regulation. See Marsh v. West, 11 Vet. App. 468 (1998). In this case, the Veteran was provided notice in a September 19, 2014, letter by the RO that his failure to report or to demonstrate good cause could result in the denial of his claim.

The Board acknowledges that the burden is upon VA to demonstrate that notice was sent to the Veteran's last address of record and that the Veteran lacked adequate reason or good cause for failing to report for examination. Hyson v. Brown, 5 Vet. App. 262, 265 (1993). However, in dicta, the United States Court of Appeals for Veterans' Claims (Veterans' Court) also stated that in the normal course of events it was the burden of the veteran to keep the VA apprised of his whereabouts, and that, if he did not do so, there was no burden on the VA to "turn up heaven and earth" to find him before finding abandonment of a previously adjudicated benefit. Id.

Here, the Veteran submitted a change of address in December 2013, which is the address which the RO had used to send him various notices, none of which came back as undeliverable. This is also the address provided when scheduling the April 2015 VA examination. The Veteran did not submit another change of address until December 2015. In the absence of clear evidence to the contrary, the law presumes the regularity of the administrative process. Mindenhall v. Brown, 7 Vet. App. 271, 274 (1994) (citing Ashley v. Derwinski, 2 Vet. App. 62, 64-65 (1992)). Notification for VA purposes is a written notice sent to the claimant's last address of record. See 38 C.F.R. § 3.1(q) (2015). The presumption entails the sending of notices which are routinely sent, as in this case. The presumption also entails the sending of notices to the address of record. If the Veteran has moved, he has failed to keep VA informed of his whereabouts. Indeed, the phone call was successfully completed to an answering device, and a message was left, which the Veteran did not return.

The Veteran has an obligation to cooperate, when required, in the development of evidence pertaining to his claims. The duty to assist is not always a one-way street, nor is it a blind alley. Olson v. Principi, 3 Vet. App. 480, 483 (1992); Wood v. Derwinski, 1 Vet. App. 190, 193 (1991).

VA efforts to obtain a necessary examination of the Veteran, in order to fully and fairly evaluate his claim, have been unsuccessful. The evidence of record does not reflect any good cause or justification for his failure to report for VA medical examination. Accordingly, his reopened claim must be denied. See 38 C.F.R. § 3.655.

The Board finds that its discussion above is adequate to address VA duties to notify and assist. The Veteran bears the burden of demonstrating any prejudice from defective notice with respect to the downstream elements. Goodwin v. Peake, 22 Vet. App. 128, 137 (2008). There has been no allegation of such error in this case.

VA has also provided adequate notice to the Veteran of the need for him to report for an examination to evaluate his left knee disability, of his responsibility to report, and of the consequences for failure to report. The RO has made all necessary attempts to assist the Veteran in providing the required evidence, including scheduling the examination and providing him a second opportunity to report for an examination after he failed to report for the first one. There remains no question that can be resolved by a medical opinion without the Veteran's participation. The question remaining is the nexus between his current left knee disability and his in-service injury, which requires competent medical evaluation and cannot be determined based solely on review of the claims file. As such, the Veteran's reopened claim for service connection for a left knee disability is denied.

II. TDIU

While the Veteran has not specifically claimed entitlement to TDIU, in the July 2014 decision, the Board found that, in light of the claims for his service-connected back disability and claimed left knee disability which was then on appeal, the record reasonably raised the question of whether the Veteran is unemployable due to his service-connected disabilities, and the issue of entitlement to a TDIU rating was part and parcel of the claims for a back disability and a left knee disability. See Rice v. Shinseki, 22 Vet. App. 447 (2009).

Total disability is considered to exist when there is any impairment in mind or body that is sufficient to render it impossible for the average person to follow a substantially gainful occupation. 38 C.F.R. § 3.340(a)(1). A total disability rating for compensation purposes may be assigned on the basis of individual unemployability, that is, when the disabled person is, in the judgment of the rating agency, unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities. 38 C.F.R. § 4.16(a).

If there is only one service-connected disability, it must be rated at 60 percent or more; if there are two or more service-connected disabilities, at least one disability must be rated at 40 percent or more, and sufficient additional disability must bring the combined rating to 70 percent or more. Id. Individual unemployability must be determined without regard to any non-service connected disabilities or the Veteran's advancing age. 38 C.F.R. §§ 3.341(a), 4.19 (2015); Van Hoose v. Brown, 4 Vet. App. 361, 363 (1993).

In reaching a determination of TDIU, it is necessary that the record reflect some factor which takes the Veteran's case outside the norm with respect to a similar level of disability under the rating schedule. 38 C.F.R. §§ 4.1, 4.15 (2015); Van Hoose, 4 Vet. App. at 363. The fact that a claimant is unemployed or has difficulty obtaining employment is not enough. The question is whether or not the Veteran is capable of performing the physical and mental acts required by employment, not whether he can find employment. See Beaty v. Brown, 6 Vet. App. 532, 538 (1994).

The Veteran did not meet the percentage requirements for consideration of a total evaluation under 38 C.F.R. § 4.16(a) until December 11, 2010, at which time he was service-connected for posttraumatic stress disorder (PTSD) at 70 percent disabling. Prior to this date, the Veteran was service-connected for PTSD at 50 percent and for a back disability at 20 percent for a combined rating of 60 percent. Therefore, the Veteran is only eligible for TDIU from December 11, 2010.

The Board's July 2014 remand instructed the RO to provide the appropriate notice to the Veteran in accordance with 38 C.F.R. § 3.159 and send him the appropriate TDIU claim form. The Veteran was sent the appropriate notice in September 2014, which included VA Form 21-8940, Veterans Application for Increased Compensation Based on Unemployability. This form requests information regarding the Veteran's occupational and educational history, which is necessary to determine entitlement to TDIU. The Veteran did not return this form to VA and did not respond in any way. In such cases, the issue of TDIU, whether expressly or reasonably raised, is to be administratively denied by the RO. See Fast Letter 13-13 (Dep't of Veterans Affairs, June 17, 2013) ("If the Veteran fails to complete and return the VA Form 21-8940, then administratively deny the claim."); see also M21-1MR IV.ii.2.F.27.g (Reasons for Denying IU Claims).

The Veteran does not assert that there has been any deficiency in the notice provided to him under the VCAA, Kent v. Nicholson, 20 Vet. App. 1 (2006), and has not identified any prejudice resulting in any deficiency. See Shinseki v. Sanders, 129 S. Ct. 1696 (2009) (no presumption of prejudice on a notice deficiency; the burden of showing that an error is harmful or prejudicial falls upon the party attacking the agency's determination).

Regarding the duty to assist, the RO has obtained pertinent medical records including the service treatment records, VA treatment records, identified private treatment records, and Social Security records.

It is the Veteran's responsibility to present and support a claim for benefits and to cooperate with VA. See 38 U.S.C.A. § 5107(a); Olson, 3 Vet. App. at 483. Here, despite notice which specifically requested the necessary information and evidence, the Veteran has not done so. The Veterans' Court has held that "[t]he duty to assist is not always a one-way street. If a veteran wishes help, he cannot passively wait for it in those circumstances where he may or should have information that is essential in obtaining the putative evidence." See Wood, 1 Vet. App. at 193. Accordingly, the Board concludes that TDIU is not warranted under the circumstances of this case.


ORDER

Entitlement to service connection for a left knee disability, to include degenerative joint disease, is denied.

A total rating based on individual unemployability due to service-connected disabilities (TDIU) is denied.




____________________________________________
JONATHAN B. KRAMER
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs